1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7    JOHN RICHARD AZZOLINO,                    Case No.  15-cv-02601-JD
8                    Plaintiff,
                                              **ORDER RE SUMMARY JUDGMENT**
9            v.
                                              Re: Dkt. Nos. 17, 18
10   COMMISSIONER OF SOCIAL
     SECURITY,
11                  Defendant.
12
13          Plaintiff John Richard Azzolino challenges a decision by a Social Security Administration
14   Administrative Law Judge that denied him disability benefits under both Title II and Title XVI.
15   Dkt. No. 17.  The Commissioner of Social Security ("Commissioner") filed a cross-motion for
16   summary judgment to uphold the ALJ's determination.  Dkt. No. 18.  At oral argument, Azzolino
17   conceded he does not have enough evidence to support a Title II claim.  Consequently, The Court
18   grants the Commissioner's cross-motion on Title II (Dkt. No. 18).  The Court finds for plaintiff on
19   the motion for summary judgment under Title XVI (Dkt. No. 17) and remands the case to the
20   Social Security Administration for further proceedings consistent with this order.
21          In our Circuit, an ALJ's decision to deny benefits "will only be disturbed if it is not
22   supported by 'substantial evidence or it is based on legal error.'  . . . A decision of the ALJ will not
23   be reversed for errors that are harmless."  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).
24   The ALJ found that Azzolino had established multiple severe impairments, including "an affective
25   mood disorder; an anxiety-related disorder;" and an "orthopedic degenerative impairment" that
26   "more than minimally affect" his "ability to perform basic work functions."  AR at 22.  Because
27   the ALJ determined that Azzolino had "no past relevant work," AR at 29, the ALJ denied benefits
28   based on his determination that Azzolino had the residual functional capacity ("RFC") "to perform

United States District Court
Northern District of California

United States District Court
Northern District of California

1  *at least* the full range of light work," and that despite his non-exertional limitations, he still

2  retained the ability "to engage in simple repetitive tasks equating to unskilled work."  AR at 25.

3        The RFC determination was not supported by substantial evidence and contained legal

4  errors that the Court cannot say were harmless.  In assessing a claimant's RFC, the ALJ "must

5  consider all relevant evidence in the record" including "medical records, lay evidence, and 'the

6  effects of symptoms, including pain, that are reasonably attributed to a medically determinable

7  impairment.'"  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (citation omitted);

8  *see also* 20 C.F.R. § 416.945; 20 C.F.R. § 404.1545.  The ALJ erred in failing to provide at least

9  "specific and legitimate reasons that are supported by substantial evidence" for partially rejecting

10  the opinion of examining psychiatrist Deborah von Bolschwing, Ph.D.  *Lester v. Chater*, 81 F.3d

11  821, 830–31 (9th Cir. 1996); AR at 27.  The ALJ was required to set out "a detailed and thorough

12  summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and

13  making findings."  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (internal quotation

14  omitted).  The ALJ reasonably summarized Dr. von Bolschwing's opinions, including that

15  Azzolino was limited in "maintaining attention and concentration," understanding, remembering,

16  and carrying out complex instructions, and "enduring stress, adaptation, and interacting" with co-

17  workers and supervisors.  AR at 27.  But although the ALJ stated that he would give these

18  opinions "weight to the extent consistent with this finding in light of the record as a whole," he did

19  not identify which of her opinions he discounted or provide any reasons at all for doing so.  *Id.*

20  That was error.

21        The Commissioner's contention that ALJ did not reject Dr. von Bolschwing's opinions,

22  but merely interpreted them in a way Azzolino disagrees with, is undermined by the failure of the

23  RFC to reflect the full range of mental limitations found by the doctor.  The ALJ did not clearly

24  explain, nor did the Commissioner's briefing address, how the RFC incorporates Azzolino's full

25  range of limitations in attention, concentration, following instructions, enduring stress, adapting,

26  and interacting with others.  Because the ALJ failed to specifically discuss these limits, the record

27  is insufficient for the Court to determine whether they were silently subsumed in the RFC's

28

United States District Court
Northern District of California

1  limitation to unskilled work or erroneously left out.  Consequently, the ALJ's determination of the

2  RFC lacks the support of substantial evidence.

3          The ALJ also erred in rejecting out of hand the opinions of social worker Jennifer

4  Silverstein, who had several sessions with Azzolino and concluded he suffers from PTSD and

5  would likely be absent from a job three or more days per month.  *See* AR at 28.  Even if

6  Silberstein is not an "acceptable medical source[]" for establishing a diagnosis, her opinions are

7  relevant evidence to show the "severity of [his] impairment(s), and how it affects [his] ability to

8  work."  20 C.F.R. § 416.913(a), (d); 20 C.F.R. § 404.1513.  The ALJ failed to give "germane"

9  reasons for discounting her evidence, given his statement that it was "not contradicted by the

10  record as a whole."  AR at 28; *see Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (per

11  curiam) (holding that ALJ may discount testimony from "other sources" by giving reasons

12  germane to that witness).  In addition, the ALJ discounted her evidence based on its reliance on

13  claimant's self-reported symptoms, which the ALJ found not credible.  Because the Court finds

14  that credibility determination in error, as follows, the ALJ lacked adequate evidentiary basis for

15  rejecting Silverstein's opinions as well.  *See Ghanim v. Colvin*, 763 F.3d 1154, 1162-63 (9th Cir.

16  2014).

17          In determining the RFC, the ALJ also improperly rejected Azzolino's "statements

18  concerning the intensity, persistence and limiting effects" of his symptoms as not credible.  AR at

19  26.  Because the ALJ determined that Azzolino suffered "from an impairment that could

20  reasonably produce the symptoms of which he complains," his adverse credibility finding "must

21  be based on 'clear and convincing reasons.'"  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533

22  F.3d 1155, 1160 (9th Cir. 2008) (internal quotation omitted).  This standard was not met.

23          The ALJ's rejection of Azzolino's claimed symptoms of paranoia, anxiety and other

24  psychological issues as inconsistent with his school attendance is fatally undercut by the ALJ's

25  failure to acknowledge all the disabled student services Azzolino depends on to make school

26  participation possible, as well as his current use of medication to control his condition.  AR at 26-

27  28, 39, 41-42.  The ALJ's cursory listing of Azzolino's uneven history of medical treatment,

28  extended periods of joblessness, and periods of relative control over his symptoms fair no better as

3

clear and convincing reasons to reject his testimony.  The Ninth Circuit has cautioned that "it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment" for mental health issues, and so the ALJ cannot show clear and convincing reasons to reject claimant testimony about mental health symptoms by singling out "a few periods of temporary well-being from a sustained period of impairment."  *Garrison v. Colvin*, 759 F.3d 995, 1017-18 (2014) (finding error in ALJ's reliance on claimant's non-compliance with medication and failure to seek treatment, given that these were in part caused by poor judgment resulting from her mental illness).  Here, the ALJ addressed medical information from each source in isolation and did not attempt to assemble them into a showing that Azzolino had failed to demonstrate any "sustained period of impairment."  *See id*.  And the ALJ's characterization of Azzolino's "non-compliance" with medications and "exaggerated symptoms and limitations" lack citation and specific support.  The ALJ failed to provide clear and convincing reasons for discrediting this testimony.

The ALJ improperly evaluated Azzolino's residual functional capacity because of these errors, and that misstep affects the determinations based on the RFC.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040-41 (2007); *Craig v. Colvin*, No. 13-36111, 2016 WL 3033322, at *1 (9th Cir. May 27, 2016).  On this record, the Court concludes that the ALJ's decision to deny benefits is not supported by substantial evidence and is based on non-harmless legal errors.

The Court consequently remands the case to the Social Security Administration for further review consistent with this order.  The Court declines to reach plaintiff's other arguments of error in the ALJ's decision.

**IT IS SO ORDERED.**

Dated: June 14, 2016

_____
JAMES DONATO
United States District Judge